Nash, J.
 

 By the 21st sec. of the act of 1836, ch. 105, it is enacted, that the Sheriff be allowed for all money collected by him by virtue of any levy, two and a half per cent., and the like commission for all money that may be paid the plaintiffby the defendant, while such execution is in the hands of such Sheriff This fee bill was made up from a variety of acts passed from 1784 to 1830. An exposition of this act in part was made in the case of
 
 Siler
 
 v.
 
 Blake,
 
 3 Dev. and Bat. 93, where the Court declare, that the Legislature did not mean to give a Sheriff com-missionb on a debt, though he has an execution in his hands, unless it were one, by which the payment of the money could be coerced by him. This decision was a departure from the letter of the act, but we think it was clearly within the meaning. In this case a judgment had been rendered in the Superior Court of Burke, in behalf
 
 *497
 
 of the heirs of one Greenlee against the present
 
 defendant;
 
 an execution had issued, and was placed in the hands of the plaintiff, who was then Sheriff of Burke. We are not informed, when the
 
 fi. fa.
 
 came into his possession. While it was so in his hands, the defendant, Smyth, complained that the Sheriff was troubling him about it, and it is admitted, that Smyth had property, both real and personal more than sufficient to pay it off; but the execution was never levied. The plaintiff in this case was present, when Smyth paid the money due on the execution to the plaintiff in it, which was after the return day. We think his Honor erred in ruling that the plaintiff was entitled to recover of the defendant his commissions. The law declares, that it be the duty of the Sheriff to execute all process which comes to his hands with all convenient speed, or as soon after it comes to his hands as the nature of the case will admit.
 
 Lindsay’s Exrs.
 
 v.
 
 Armfield,
 
 3 Hawk. 548. If an officer has a
 
 ca. sa.
 
 against the body of an individual, and comes where he is and when he is at liberty to execute it, and does not, he is guilty of a breach of duty, if the party escapes, so that the process cannot be served upon him. So, if the precept be a
 
 capias ad re-spondendum,
 
 and it is not executed by the officer, when he may, he is answerable in damages to the party aggrieved, if the defendant escapes. And this, upon the principle that he has been guilty of a breach of duty. In this case, it was the duty of Kincaid, the Sheriff, to have levied his execution and thereby secured his commissions. If he choose to favor Smyth, by not levying the process, he must abide the consequences. The law approves of a humane and benevolent execution of its precepts, but it does not reward an officer for a neglect of duty. The case does not show any agreement on the part of Smyth to pay the Sheriff his commissions, whatever might have been their private understanding. We conclude, then, that, although
 
 *498
 
 the defendant Smyth paid the money to the plaintiff in the execution, yet as the precept had not been levied, and
 
 was functus officio, at
 
 the time of the payment, and not in law in his hands for execution, the plaintiff" cannot recover commissions from the defendant, without an expi’ess promise to pay. We do not see that a levy was not made through any fraudulent conduct of the defendant.
 

 Per Curiam. Judgment reversed and a
 
 venire de novo
 
 awarded.